UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA


LARY FEEZOR,

        Plaintiff(s),                NO. 2:07-cv-2127 FCD/CMK

    v.                        **<u>STATUS (PRETRIAL SCHEDULING)ORDER</u>**

KFP MANAGEMENT, INC.,

        Defendant(s).
_____/

    After reviewing the parties' Joint Status Report filed December 12, 2007,the court makes the following orders:

**I.    <u>SERVICE OF PROCESS</u>**

    All named defendants have been served and no further service is permitted without leave of court, good cause having been shown.

**II.    <u>ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS</u>**

    No further joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown.  <u>See</u> Fed. R. Civ. P. 16(b); <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604 (9th Cir. 1992).

/////

/////

### III.   <u>JURISDICTION/VENUE</u>

Jurisdiction is predicated upon 28 U.S.C. sections 1331, 1343 and 1367 and Venue on 28 U.S.C. section 1391 (b) and (c).  Jurisdiction and venue are not contested.

### IV.   <u>DISCOVERY</u>

All discovery shall be **completed by April 6, 2009**.  In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.  All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court.

### V.   <u>EXPERT WITNESSES and EXPERT DISCOVERY</u>

All counsel are to designate in writing, file with the court, and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than **April 20, 2009.**  The designation shall be accompanied by a written report prepared and signed by the witness.  The report shall comply with Fed. R. Civ. P. 26(a)(2)(B).  By **May 8, 2009,** any party who previously disclosed expert witnesses may submit a supplemental list of expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party, if the party supplementing an expert witness designation has not previously retained an expert to testify on that subject.  The supplemental designation shall be accompanied by a written report which shall also comply with the conditions as stated above.

Failure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial.  An expert witness not appearing on the designation will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity for the witness could not have been reasonably anticipated at the time the list was proffered; (b) that the court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly made available for deposition.

For purposes of this scheduling order, an "expert" is any person who may be used at trial to present evidence under Rules 702, 703, and 705 of the Federal Rules of Evidence, which include both "percipient experts" (persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case) and "retained experts" (persons specifically designated by a party to be a testifying expert for the purposes of litigation).  Each party shall identify whether a disclosed expert is percipient, retained, or both.  It will be assumed that a party designating a retained expert has acquired the express permission of the witness to be so listed.  Parties designating percipient experts must state in the designation who is responsible for arranging the deposition of such persons.

All experts designated are to be fully prepared at the time of **designation** to render an informed opinion, and give their basis for their opinion, so that they will be able to give full and complete testimony at any deposition taken by the opposing party.  Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation.  All expert discovery shall be completed by **June 5, 2009.**

## VI.   MOTION HEARING SCHEDULE

All dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be heard no later than **September 4, 2009.**  The parties may obtain available hearing dates by calling Maureen Price, Deputy Courtroom Clerk at (916) 930-4163.

All purely legal issues are to be resolved by timely pretrial motions.  Local Rule 78-230 governs the calendaring and procedures of civil motions with the following additions:

(A)   The opposition and reply must be filed **by 4:00 p.m.** on the day due; and

(B)   When the last day for filing an opposition brief falls on a legal holiday, the opposition brief shall be filed on the last court day **immediately preceding** the legal holiday.

Failure to comply with Local Rule 78-230(c), as modified by this order, may be deemed consent to the motion and the court may dispose of the motion summarily.  Brydges v. Lewis, 18 F.3d

3

651, 652-53 (9th Cir. 1994).  Further, failure to timely oppose a summary judgment motion[1] may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate that a genuine issue of material fact remains for trial.  <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

The court places a page limit of twenty (20) pages on all initial moving papers, twenty (20) pages on oppositions, and ten (10) pages for replies.  All requests for page limit increases must be made through the courtroom deputy clerk at least fourteen (14) days prior to the filing of the motion.

For the court's convenience, citations to Supreme Court cases should include parallel citations to the Supreme Court Reporter.

The parties are reminded that a motion <u>in limine</u> is a pretrial procedural device designed to address the admissibility of evidence.  The court will look with disfavor upon dispositional motions (except those noted on page 3) presented at the Final Pretrial Conference or at trial in the guise of motions <u>in limine</u>.

**<u>The parties are cautioned that failure to raise a dispositive legal issue that could have been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off date may constitute waiver of such issue.</u>**

## VII.   FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for **December 11, 2009** at **2:00 p.m.**  At least one of the attorneys who will conduct the trial for each of the parties shall attend the Final Pretrial Conference.  If by reason of illness or other unavoidable circumstance a trial attorney is unable to attend, the attorney who attends in place of the trial attorney shall have equal familiarity with the case and equal authorization to make commitments on behalf of the client.

Counsel for all parties, are to be fully prepared for trial at the time of the Final Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.  The parties shall file, not later than seven (7) calendar days prior to the Final

---

[1]The court urges any party that contemplates bringing a motion for summary judgment or who must oppose a motion for summary judgment to review Local Rule 56-260.

4

Pretrial Conference, a **joint** pretrial statement.  The provisions of Local rules 16-281 shall apply with respect to the matters to be included in the joint pretrial statement.  In addition to those subjects listed in Local Rule 16-281(b), the parties are to provide the court with a plain, concise statement that identifies every non-discovery motion tendered to the court and its resolution.

Failure to comply with Local Rule 16-281, as modified by this order, may be grounds for sanctions.

**Concurrently with the filing of the Final Pretrial Conference Statement, counsel shall submit to chambers a word processing version of the statement, its entirety, (including the witness and exhibit lists) to: fcdorders@caed.uscourts.gov.**

The parties shall, in a concise manner, jointly identify **only** undisputed **core** facts separately that are relevant to each claim.  Disputed **core** facts should then be identified in the same manner.  The parties are reminded **not** to identify every fact in dispute but only those disputed facts that are **essential** to the formulation of each claim.  Each disputed fact or undisputed fact should be separately numbered or lettered.  **Where the parties are unable to agree what are the core disputed facts, they should nevertheless list core disputed facts in the above manner.**

Each party shall identify and concisely list each disputed evidentiary issue which will be the subject of a party's motion in limine.

The parties shall identify the points of law which concisely describe the legal issues of the trial which will be discussed in the parties' respective trial briefs.  Points of law should reflect issues derived from the core undisputed and disputed facts.  **Parties shall not include argument or authorities with any point of law**

The parties shall prepare a **joint** statement of the case in **plain concise** language which will be read to the jury at the beginning of the trial.  The purpose of the joint statement is to inform the jury what the case is about.

The parties are reminded that pursuant to Local Rule 16-281 they are required to list in the Final Pretrial Conference Statement an exhibit listing witnesses and exhibits they propose to offer at trial.  After the name of each witness, each party shall provide a **brief** statement of the

5

1  nature of the testimony to be proffered.  The parties may file a joint list or each party may file

2  separate lists.  These list(s) shall not be contained in the body of the Final Pretrial Conference

3  Statement itself, but shall be attached as separate documents to be used as addenda to the Final

4  Pretrial Order.

5      Plaintiff's exhibits shall be listed numerically.  Defendant's exhibits shall be listed

6  alphabetically.  The parties shall use the standard exhibit stickers provided by the court: pink for

7  the plaintiff and blue for the defendant.  In the event that the alphabet is exhausted, the exhibits

8  shall be marked "AA-ZZ".  However, if the amount of defendant exhibits exceeds "ZZ" exhibits

9  shall be then listed as A-3, A-4, A-5 etc.   All multi-page exhibits shall be listed stapled or

10  otherwise fastened together and each page within the exhibit shall be numbered.  The list of

11  exhibits shall not include excerpts of depositions, which may be used to impeach witnesses.  **In**

12  **the event that plaintiff(s) and defendant(s) offer the same exhibit during trial, that exhibit**

13  **shall be referred to by the designation the exhibit is <u>first identified</u>.  The court cautions the**

14  **parties to pay attention to this detail so that all concerned, including the jury, will not be**

15  **confused by one exhibit being identified with both number and a letter.**

16      The Final Pretrial Order will contain a stringent standard for the offering at trial of

17  witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned that the

18  standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses that a

19  party does not intend to offer will be viewed as an abuse of the court's processes.

20      Counsel shall produce all trial exhibits to Maureen Price, the Courtroom Clerk, **no later**

21  **than 3:00 p.m. on the Friday before the trial.**

22      Discovery documents to be listed in the pretrial statement shall not include documents

23  which will be used only for impeachment and in rebuttal.

24      The parties also are reminded that pursuant to Rule 16 of the Federal rules of Civil

25  Procedure it will be their duty at the Final Pretrial Conference to aid the court in: (a) the

26  formulation and simplification of issues and the elimination of frivolous claims or defenses; (b)

27  the settling of facts that should properly be admitted; and (c) the avoidance of unnecessary proof

28  and cumulative evidence.  **Counsel must cooperatively prepare the joint Final Pretrial**

6

**Conference Statement and participate in good faith at the Final Pretrial Conference with these aims in mind.**[2]  A failure to do so may result in the imposition of sanctions which may include monetary sanctions, orders precluding proof, elimination of claims or defenses, or such other sanctions as the court deems appropriate.

### VIII.   TRIAL SETTING

The trial is set for **February 16, 2010** at **9:00 a.m.**   Trial will be **to a jury.**  The parties estimate a trial length of approximately **three-five (3-5)** days.

### IX.   SETTLEMENT CONFERENCE

No settlement conference is currently scheduled.  A settlement conference may be set at the time of the Final Pretrial Conference or at an earlier time at the parties' request.  In the event that an earlier settlement conference date is requested, the parties shall file said request jointly, in writing.  If the case will be tried to a jury, all parties should be prepared to advise the court whether they will stipulate to the trial judge acting as settlement judge and waive disqualification by virtue thereof.

Counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms.  At least seven (7) calendar days before the Settlement Conference, counsel for each party shall submit to the chambers of the settlement judge a confidential Settlement Conference Statement.  Such statements are neither to be filed with the Clerk nor served on opposing counsel.  Each party, however, shall serve notice on all other parties that the statement has been submitted.  If the settlement judge is not the trial judge, the Settlement Conference Statement shall not be disclosed to the trial judge.

### X.   MODIFICATION OF STATUS (PRETRIAL SCHEDULING) ORDER

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Status (Pretrial Scheduling) Order shall not be modified except by leave of court

---

[2]If the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law, the court may summarily dispose of the case or claims.  Portsmouth Square v. Shareholders Protective Comm., 770 F.2d 866, 868-69 (9th Cir. 1985).

1  upon a showing of good cause.  Agreement by the parties pursuant to stipulation alone does not
2  constitute good cause.  Except in extraordinary circumstances, unavailability of witnesses or
3  counsel, does not constitute good cause.

4  **XI.    OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER**

5  This Status Order will become final without further order of the court unless objections
6  are filed within **ten (10)** *court* **days** of service of this Order.

7  IT IS SO ORDERED.

8  DATED: January 24, 2008

9
10
11  _____
12  FRANK C. DAMRELL, JR.
      UNITED STATES DISTRICT JUDGE
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

8